IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAMIDREZAZ KHAZAELI,

    Plaintiff,

v.

CITY OF CONCORD, KERRY CERLETTI, DAVID LIVINGSTON, DAVID HUGHES, PATRICK MURRAY, SHAHRIAR SHARIF KHOU, aka SHAWN SHARIF, and DOES 1 through 10, inclusive,

    Defendants.

                                        /

No. C 10-03920 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO FILE UNDER SEAL; DENYING SECOND MOTION FOR RECONSIDERATION; DENYING MOTION TO STAY; AND DENYING AS MOOT MOTIONS TO SHORTEN TIME AND REQUEST FOR GENERAL DUTY JUDGE**

    Plaintiff, now proceeding *pro se*, has filed a second motion for reconsideration, an administrative motion to file under seal, a motion to shorten time on his motion for reconsideration, a notice of appeal, a motion to stay his action pending appeal, a motion to shorten time on his motion to stay, and a request for a general duty judge.

    *Administrative motion to file under seal* (Dkt. No. 56): Plaintiff moves to file under seal his "Amendment to Peremptory Challenge and the following documents to be attached to his Motion for Leave, Reconsideration and Removal: (1) Memorandum of Points and Authorities in Support, and (2) Declaration of Hamidreza Khazaeli." The grounds for the motion are that the documents contain privileged communications. Only the brief and declaration in support of the motion for reconsideration (which were lodged as one document) contain privileged communications. Therefore, the motion is **GRANTED IN PART AND DENIED IN PART**. The Clerk

shall file the brief and declaration in support of the motion for reconsideration under seal, and shall file the "Amendment to Peremptory Challenge" publicly.

*Motion for leave, reconsideration and removal* (Dkt. No. 55): This motion is effectively a second motion for reconsideration of the order granting plaintiff's former counsel's motion to withdraw as counsel (Dkt. No. 39), but may also be a motion for reconsideration of the order denying plaintiff's first motion for leave to file a motion for reconsideration or for reconsideration (Dkt. No. 54). Either way, plaintiff has not been granted leave to file such motion. Once again, pursuant to Civil Local Rule 7-9, no party may notice a motion for reconsideration without first obtaining leave of Court to file the motion. Even if this order were to construe the motion as a motion for leave to file a motion for reconsideration, it does not present a material difference in fact or law from that which was presented previously, the emergence of new material facts or a change of law since that time, or a manifest failure by the Court to consider material facts or dispositive legal arguments. Therefore, plaintiff's motion for leave, reconsideration and removal is **DENIED**.

This order must note a couple of things raised in plaintiff's declaration in support of his motion. Plaintiff calls into question Attorney Johnson's compliance with the conditions imposed on him in granting his request for withdrawal. Not only have past orders found that Attorney Johnson accepted those conditions (Dkt. Nos. 49 and 54), but this order further finds based on the submissions of Attorney Johnson that he has complied with those conditions.

Furthermore, plaintiff states in his declaration in support of his motion that "Mr. Coon called and told . . . that Plaintiff is done and that Plaintiff should dismiss the case or would be crushed and that Chief Livingston . . . can have you killed or injured and nobody could find out . . . and that if Plaintiff continued the lawsuit further he would be killed . . ." The Court has previously investigated this and is convinced that Attorney Coon did nothing of the sort. Plaintiff has upped the ante by adding yet more extreme verbosities. These collapse of their own weight as fantastic.

This is the last motion for reconsideration on the withdrawal issue. Plaintiff shall not file any more motions for reconsideration.

*Motion for stay pending appeal* (Dkt. No. 67): Plaintiff moves for a stay pending his appeal of the order granting plaintiff's counsel's motion to withdraw as counsel. Although it is unclear whether plaintiff moves to stay the action or to stay the effectiveness of the withdrawal of Attorney Johnson as counsel (which occurred last Friday at noon), either way plaintiff provides no argument or authority whatsoever in support of his motion. Plaintiff's declaration states that he "will be further subjected to prejudice, irreparable harm and delay due to counsel withdrawal [sic]." Plaintiff is not entitled to have counsel before he proceeds with his lawsuit. Moreover, he can hire other counsel if he has the means to do so. This order finds no reason to stay this action pending appeal. Plaintiff's motion is therefore **DENIED**.

\*             \*             \*

Plaintiff's motions to shorten time on his motion for reconsideration and his motion to stay and his request for a general duty judge to decide his motion for a stay (Dkt. Nos. 58, 69, 71), are **DENIED AS MOOT**, as the matters to which they pertain are decided in this order.

*Plaintiff is reminded that he must comply with all rules and deadlines, and failure to do so may result in dismissal of his case.*

Plaintiff has not provided his contact information, as he was ordered to do (Dkt. No. 54). The Clerk shall serve this order on Attorney Johnson, who shall file the plaintiff's contact information, including plaintiff's address, with the Court publicly by **MARCH 4, 2011**.

**IT IS SO ORDERED.**

Dated: March 1, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE